UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION


UFFORD PALM,

            Plaintiff,

                                                    File No. 1:11-cv-77

v.

                                                    HON. ROBERT HOLMES BELL

TOTAL LOGIC CONTROL, LLC,

            Defendant.

_____/

## MEMORANDUM OPINION AND ORDER

On October 5, 2011, Magistrate Judge Joseph G. Scoville conducted a hearing and issued an order granting in part and denying in part Plaintiff's motion to compel.  (Dkt. No. 38-39.)  The matter is now before the Court on Defendant's appeal from the Magistrate Judge's order.  The Court reconsiders a Magistrate Judge's decision when the decision is shown to be clearly erroneous or contrary to law.  28 U.S.C. § 636(b)(1)(A).

Defendant objects to the Magistrate Judge's order to produce the disciplinary files for (1) any employee, other than clerical staff, who worked on any shift on which the Plaintiff worked and ultimately reported to Greg Berger at any time from July 1, 2007, to the present; (2) any African American employee terminated by the Defendant at the facility in which the Plaintiff worked, from January 1, 2007, to the present.  Defendant argues that these requests are overly burdensome, that they cover nearly every employee in the relevant plant, and that Plaintiff has not demonstrated that these employees are "similarly situated" to Plaintiff.

Although Plaintiff does not have specific information or suspicions regarding all of the employees covered by these requests, the Magistrate Judge determined that Plaintiff has a legitimate discovery objective for requesting the information.  Plaintiff seeks to determine whether any disciplinary actions taken with respect to his co-workers demonstrate a pattern of disparate treatment.  The Court finds no clear error in the Magistrate Judge's determination that Plaintiff need not have advanced knowledge of any such instances before making a discovery request.

Defendant has not shown that the production of the requested material would be overly burdensome.  Defendant does assert that the formulation adopted by the Magistrate Judge covers nearly every non-clerical employee at the relevant plant during the given time period, but the parties have indicated that this is a plant of relatively modest size. Furthermore, Defendant cannot complain that limiting discovery to those employees who "ultimately reported to Greg Berger" does little to curtail the scope of the request, as it was Defendant who proposed that limitation to the Magistrate Judge.  (Dkt. No. 38.)

Defendant also objects to the Magistrate Judge's order requiring it to produce the disciplinary files for Supervisors Steve Sherburn, Josh Shank, and Alan Krevinghaus. Defendant argues that, because these individuals are supervisors, they are not similarly situated to Plaintiff.  However, the Magistrate Judge granted Plaintiff's motion with respect to these individuals because Plaintiff had a legitimate discovery interest in investigating the credibility of these supervisors.  Defendant may believe that the request is a fishing

expedition, but the Court finds no clear error in the Magistrate Judge's determination that the disciplinary files of three supervisors involved in an employment discrimination case is within the appropriate scope of discovery.

Finally, Defendant argues that the Magistrate Judge's Order is invalid in its entirety because Plaintiff's Motion was untimely and unfairly prejudices Defendant. Once again, the Court finds no clear error. Although Plaintiff's motion was filed near the end of the discovery period, the Magistrate Judge allowed Defendant 21 days from the entry of the order to comply with the discovery request. Furthermore, the Magistrate Judge considered the relatively last-minute timing of Plaintiff's motion to compel when deciding to limit the scope of Plaintiff's broader request to disciplinary files rather than whole personnel files. (Dkt. No. 38.) Accordingly,

**IT IS HEREBY ORDERED** that Defendant's objections to the Magistrate Judge's October 5, 2011, order (Dkt. No. 40) are **OVERRULED**.

**IT IS FURTHER ORDERED** that the Magistrate Judge's October 5, 2011, order (Dkt. No. 39) is **AFFIRMED**.

Dated: <u>November 3, 2011</u>                              /s/ Robert Holmes Bell
                                                                          ROBERT HOLMES BELL
                                                                          UNITED STATES DISTRICT JUDGE

3